IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JERRY LYNN LOFTON                                                                                          PETITIONER

V.                                                                                        NO. 3:20-CV-00086-MPM-JMV

WARDEN JESSE WILLIAMS and
THE ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI            RESPONDENTS

ORDER

This matter comes before the Court upon Petitioner's motion [29] for reconsideration of the Court's November 4, 2020, Order denying Petitioner's motion for leave to file a sur-rebuttal. *See* Doc. # 28. Upon due consideration, the Court finds that the instant motion should be denied.

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders . . . ." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Under Rule 54(b):

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

> Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts . . . frequently apply the same standards to the two.

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

>Under Fifth Circuit jurisprudence:
>
>A rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."

*Templet v. HydroChemQ Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations and alterations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

Petitioner fails to identify any manifest error of law or fact nor does he present any newly discovered evidence. Instead, Petitioner merely repeats arguments in support of his federal habeas petition. Beyond this, Petitioner offers absolutely no substantive argument as to why reconsideration is warranted. Accordingly, Petitioner's motion [29] is hereby **DENIED**.

**SO ORDERED**, this the 18th day of November, 2020

/s/ Jane M. Virden
JANE M. VIRDEN
UNITED STATES MAGISTRATE JUDGE